**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BYRON POLLARD-EL, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-00443-HEA |
| RICHARD ADAM ALLEN and UNKNOWN HUGHES, | ) ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is the motion of Byron Pollard-El., Jr., an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the financial information provided therein, and has determined to grant the motion and assess an initial partial filing fee of $1.00. The Court has also reviewed the complaint, and has determined it is frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action at this time, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit the required certified inmate account statement. The Court will not require him to file one at this time, and will instead assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Any claim that Plaintiff is unable to pay that amount must be supported by a current certified inmate account statement.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff did not file the complaint on a Court-provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). However, he can be understood to have filed this action pursuant to 42 U.S.C. § 1983 to redress violations of his rights secured by the Eighth Amendment and Missouri state law. Plaintiff names Wardens Richard Adam and Allen Hughes as defendants, but does not state whether he sues them in an official or individual capacity. The Court therefore presumes that Plaintiff sues them only in their official capacities. *See Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007) (quotation omitted) ("If the complaint does not

3

specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity").

Plaintiff states he has been held in the ERDCC segregation unit more than 30 days, and can be understood to claim that violates his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff does not state how long he has been held in segregation, and he does not describe the conditions in segregation or any restrictions that are placed on him. Plaintiff also claims that Missouri law, specifically Rev. Stat. Mo. § 217.380, prohibits "corrections and penal institutions from holding offenders exceeding 30-days." (ECF No. 1 at 1). He states that the defendants have exceeded "their statutory authority by a vile and sadistically conveyed illegal detention in the segregation unit at the E.R.D.C.C. facility!" *Id.* at 2 (emphasis in original). Plaintiff does not allege he was denied any form of process. He seeks declaratory relief.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff can be understood to claim that being confined to segregation longer than 30 days violates his Eighth Amendment right to be free from cruel and unusual punishment. To establish a conditions-of-confinement claim under the Eighth Amendment, a prisoner must demonstrate (1) that the alleged deprivation was "objectively, sufficiently serious" to result in the

4

"denial of the minimal civilized measure of life's necessities," and (2) that the defendant whose act or omission caused the alleged constitutional deprivation behaved with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff does not allege he was denied any necessities of civilized life in segregation, and he does not allege that either Defendant was deliberately indifferent to his health or safety. To the extent Plaintiff claims that being held in segregation more than 30 days constitutes cruel and unusual punishment, the Court notes that the Eighth Circuit has found that longer periods of segregation did not violate the Eighth Amendment. *See, e.g., Rahman X v. Morgan,* 300 F.3d 970, 973–74 (8th Cir. 2002) (26 months in segregation). The Court concludes the complaint fails to state a plausible Eighth Amendment claim.

Plaintiff can be understood to assert a § 1983 claim premised upon an alleged violation of Mo. Rev. Stat. 217.380. Even if the Court could say that Defendants violated Missouri law, the "violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993). A liberty interest protected by the Fourteenth Amendment is created if a state statute gives "specific directives to the decision maker that if the [statute's] substantive predicates are present, a particular outcome must follow." *Id.* (quoting *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 463 (1989)). Here, Mo. Rev. Stat. 217.380 uses permissive language, and does not grant prisoners a right to a certain outcome in the event of the occurrence of a certain fact. Finally, as noted above, Plaintiff does not allege he was denied process. Even if he did allege that the Defendants failed to follow state procedural requirements, "the Due Process Clause does not federalize state-law procedural requirements." *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

For the foregoing reasons, the Court concludes the complaint is frivolous and/or fails to state a claim upon which relief may be granted, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of June, 2024.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE